**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


RON KIMBERLY DRAYTON,

      Petitioner,

-vs-                                 Case No.  8:03-CV-1249-T-27MAP

JAMES McDONOUGH,[1]

      Respondent.

_____/

## ORDER

      Petitioner, a State of Florida inmate, initiated this proceeding *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 10), and Petitioner has filed a reply thereto (Dkt. 15). This matter is now before the Court for consideration of the merits of the petition.

### Background

      Petitioner was charged by Information on September 25, 1997 with obstructing or opposing an officer with violence (Dkt. 11, Ex. 001 at 1). The event giving rise to the charges occurred on July 20, 1997. *Id*. The State filed a Notice of Intent to seek an habitual felony offender penalty under Fla. Stat. 775.084 (1997). A Superseding Information was filed on November 4, 1997 charging Petitioner with obstructing or opposing an officer with violence (Count One), battery on a law enforcement officer (Count Two) and assault on a

_____

[1]James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

law enforcement officer (Count Three). *Id.* Represented by court-appointed counsel, *see* Dkt. 11, Ex. 003 at R. 45, Petitioner proceeded to a trial by jury on December 17, 1997.

Petitioner was found guilty as charged, and on January 20, 1998, he was sentenced on Count One as an habitual felony offender to a term of 10 years, on Count Two to a term of 5 years, to run consecutively to the sentence imposed on Count One, and on Count Three to time served (Dkt. 11, Ex. 007 at R. 148-57). The convictions were affirmed on direct appeal, but the case was remanded for resentencing, with instructions that because the trial court imposed an habitual felony offender sentence on Count One, that count was to be omitted from the sentencing scoresheet, and for reconsideration of the imposition of victim injury points because there was no evidence in the record to support finding that the officer was injured when Petitioner struck him in the head (Dkt. 11, Ex. 002). *See Drayton v. State*, 744 So.2d 584 (Fla. 2d DCA 1999). On February 7, 2000, Petitioner was resentenced on Count Two to a term of 3 years, with the sentence to run consecutive to the sentence on Count One (Dkt. 11, Ex. 007 at R. 158).

Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on November 2, 2000, asserting two claims of ineffective assistance of counsel and one claim of trial court error. Following an evidentiary hearing, the trial court denied Petitioner's Rule 3.850 motion on November 28, 2001 (Dkt. 11, Ex. 007). The state district court affirmed the trial court's decision in a per curiam decision entered on March 26, 2003. *See Drayton v. State*, 846 So.2d 515 (Fla. 2d DCA 2003).

On June 9, 2003, Petitioner filed a petition for federal habeas relief asserting that (1) the post-conviction court erred in denying his ineffective assistance of counsel claims; and (2) the trial court erred in imposing a 3-year guidelines sentence to run consecutive to

a 10-year habitual felony offender sentence (Dkt. 1 at 8; 11).   Respondent argues that Petitioner has failed to establish that he meets the criteria for relief § 2254(d)-(e).   Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, this Court agrees.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996,  "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell,* 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented  in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent,* 538 U.S. 634, 638-39 (2003); *Clark v. Crosby,* 335 F.3d 1303, 1308 (11th Cir. 2003). Finally, a state court's factual finding is presumed to be

correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

### Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Petitioner's claim.  *See Mobley v. Head,*  267 F.3d 1312, 1316 (11th Cir. 2001).

**Ground One**

In support of his claim that he was denied effective assistance of counsel, Petitioner asserts that trial counsel failed to "investigate, develop and call [Petitioner's] ex-girlfriend, Felicia Brinson, as a witness on his behalf, and to develop and consider a defense of self-defense," which, according to Petitioner, was supported by the evidence (Dkt. 1).  Having been raised in Petitioner's Rule 3.850 proceedings, *see* Dkt. 11, Ex. 003, these claims are properly exhausted.

According to clearly established federal law enunciated by the United States Supreme Court, to establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate,

but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

As set forth *infra*, in rejecting Petitioner's claims on the merits, the trial court applied the *Strickland* standard of review for ineffective assistance of counsel claims, 466 U.S. at 687. Thus, to establish that he is entitled to relief on these claims, Petitioner must establish that the trial court incorrectly applied the *Strickland* standard in reaching its determination that the claims raised in his Rule 3.850 motion lacked merit. *See Parker v. Sec. for Dep't of Corrs.*, 331 F.3d 764, 766 (11th Cir. 2003), *cert. denied*, 540 U.S. 1222 (2004).

First, to the extent that the petition may be read to assert that trial counsel failed to perform an adequate pretrial investigation, for reasons set forth below, the Court finds that assertion contradicted by the record. Likewise without merit is Petitioner's contention that trial counsel was ineffective in failing to call Mrs. Brinson to testify because had he done so, she would have testified that without informing Petitioner that he was under arrest, the officers physically attacked Petitioner while he was standing with his back to them.

The trial court heard testimony by Petitioner and trial counsel prior to entering its order finding:

> Mr. Reinhold [trial counsel] testified that after deposing Mrs. Brinson and reviewing her testimony he was concerned that her testimony would confirm a lot of things from the police officers as far as the resisting arrest. (*See* evidentiary hearing transcript, p. 8, L: 21-25, p. 9, L: 1-2, attached). It had been the theory of defense that Defendant never struck anybody or tried to resist, it was just something that got out of hand. (*See* evidentiary hearing transcript, p. 9, L:3-6, attached). Mr. Reinhold was concerned that Mrs. Brinson's testimony concerning her knowledge that Defendant was a violent person would have corroborated the officer's testimony that Defendant was the aggressor. (*See* evidentiary hearing transcript, p. 9, L:7-14, attached). In addition, Mr. Reinhold felt that Mrs. Brinson's deposition testimony that Defendant tried to kick the officers would have again helped to portray Defendant as the aggressor (*See* evidentiary hearing transcript, p. 29, L:2-10, attached).

. . . .

> The Court finds that counsel made an informed strategic decision not to call Ms. Brinson to testify. "Judicial scrutiny of counsel's performance must be highly deferential...a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2065 [citations omitted]. Since decisions concerning trial strategy or tactics ultimately rests with counsel, "tactical or strategic decisions of counsel do not justify postconviction relief on grounds of ineffective assistance of counsel." *Mazard v. State*, 649 So.2d 255 (Fla. 3d DCA 1995).
> . . .
>
> Moreover, the Court, believing and accepting the testimony of counsel as being true, and rejecting the conflicting testimony of Defendant that he did not agree with Mr. Reinhold's decision not to call Ms. Brinson to testify as being untrue, finds that Defendant fails to show counsel's error which constitutes a substantial and serious deficiency measurably below that of competent counsel. "[M]atters of credibility are the domain of the trial court." *Lewis v. State*, 751 So.2d 1 (Fla. 3d DCA 1984) (holding that trial courts are privileged to reject a defendant's testimony in favor of conflicting testimony of counsel). Accordingly, no relief is warranted on this ground.

Dkt. 11, Ex. 007 at R. 131-33. The transcript of the evidentiary hearing, *see* Dkt. 11, Ex. 006, supports the trial court's finding that trial counsel made a strategic decision not to call Mrs. Brinson after hearing her version of the events that transpired on the evening the offenses of conviction occurred.

Mrs. Brinson telephoned the police after an altercation she had with Petitioner, following which he left the apartment (Dkt. 11, Ex. 006 at R. 166). Initially, Mrs. Brinson told trial counsel's investigator that when Petitioner returned to the apartment, the officers informed him that they had a warrant for his arrest, which prompted Petitioner to question the officers about the warrant, and a struggle ensued.

Trial counsel recalled that during her deposition, Mrs. Brinson stated that she called the police because she was worried that Petitioner would return to the apartment, and she

knew that Petitioner had a "violent temper." According to trial counsel, Mrs. Brinson knew that the police had a warrant for Petitioner's arrest when she summoned them to the apartment.   Mrs. Brinson further stated that it was obvious that the officers were law enforcement officials because they were in uniform.   Trial counsel recalled that Mrs. Brinson stated that Petitioner tried to kick and strike the officers several times.   According to trial counsel, he believed that Mrs. Brinson's testimony would support an argument that Petitioner did not intend to strike the officers, but because her testimony would not conform to Petitioner's explanation that he was merely "trying to get away" rather than resisting arrest, it would "open a can of worms" that would discredit the theory of defense that Petitioner was not resisting the officers with violence.

Trial counsel testified that he was concerned that Mrs. Brinson's testimony would bolster the State's theory that Petitioner was the aggressor and acknowledged that he instructed Mrs. Brinson not to appear at the trial because he feared that the State might attempt to call her as a witness based on her deposition testimony. Trial counsel recalled discussing with Petitioner the benefits and risks of calling Mrs. Brinson to testify.  Trial counsel further testified that when he informed Petitioner that he had released Mrs. Brinson as a witness, Petitioner accepted that decision.  According to trial counsel, he advised Petitioner that calling Mrs. Brinson was not in his best interest but maintained that the ultimate decision was Petitioner's to make.

Petitioner testified that he did not agree with trial counsel's assessment of Mrs. Brinson's value as a witness on his behalf. He recalled arguing with trial counsel over this issue, and according to Petitioner, he remained adamant that Mrs. Brinson testify, but finally agreed with trial counsel when Mrs. Brinson failed to appear for the trial.

Because the ultimate resolution of ineffective assistance of counsel claims is a mixed question of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness mandated by § 2254(e)(1) does not apply to this determination. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). State court findings of historical facts made in the course of evaluating an ineffectiveness claim are, however, subject to a presumption of correctness under 28 U.S.C. § 2254(e) unless the petitioner demonstrates by clear and convincing evidence that they are incorrect, see *Williams v. Taylor,* 529 U.S. at 412-413, a burden that Petitioner has failed to carry. See § 2254(e)(1).

Having had the benefit of hearing testimony from trial counsel and Petitioner and an opportunity to observe their demeanor, the trial court determined that trial counsel was the more credible witness, concluding that Defendant agreed with trial counsel's decision not to call Mrs. Brinson to testify. Determinations of credibility are best made by the trial court judge, who can assess the demeanor and candor of the witnesses. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Baldwin v. Johnson*, 152 F.3d 1304, 1317 (11th Cir. 1998) (citing *Smith v. Kemp*, 715 F.2d 1459, 1465 (11th Cir.) ("Resolution of conflicts in evidence and credibility issues rests within the province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."), *cert. denied*, 464 U.S. 1003 (1983)); *Porter v. State*, 788 So.2d 917, 923 (Fla. 2001) (recognizing the trial court's "superior vantage point in assessing the credibility of witnesses and in making findings of fact"). Here, Petitioner was afforded an opportunity to present evidence and testimony in support of his claim during the Rule 3.850 proceedings (Dkt. 11, Ex. 006).

If after investigating and interviewing a potential witness, trial counsel decides against calling her to testify in support of his client's defense, the decision is considered a matter of trial strategy.  As the Eleventh Circuit noted in *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995), the Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved.  Intensive scrutiny and second-guessing of attorney performance are not permitted.  "Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." *United States v. Hughes*, 635 F.2d 449, 453 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (finding that the presentation of testimonial evidence is matter of trial strategy, and since allegations of what witness would have testified are largely speculative, complaints of uncalled witnesses, in support of claims of ineffective assistance of counsel, are not favored).[2]

As to Petitioner's contention that trial counsel was ineffective in failing to develop or consider a defense of self-defense, the trial court found:

> In ground two, Defendant alleges ineffective assistance of counsel for failing to develop or consider a defense of self-defense which was supported by evidence and testimony.  Both Defendant and counsel testified with respect to this allegation.  (*See* evidentiary hearing transcript dated November 8, 2001, attached).
>
> Mr. Reinhold testified that he discussed with Defendant the possibility of presenting the defense that Defendant was protecting himself in his home. (See evidentiary hearing transcript, p. 32, L: 14-15, attached).  Mr. Reinhold informed Defendant of the potential problems with proceeding along those lines of defense. (*See* evidentiary hearing transcript, p. 32, L: 15-22, attached).  Based upon the information received from the officers, Mrs. Brinson, and Defendant, Mr. Reinhold did not feel that he had any evidence to support a theory of self-defense. (*See* evidentiary hearing transcript, p. 32, L: 23-25, p. 33, L:1-2, attached).  Mr. Reinhold testified that Defendant

---

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

agreed with counsel that a better argument would be that it was an obstruction without violence. (*See* evidentiary hearing transcript, p. 33, L: 7-14, attached).

The court finds that counsel made an informed strategic decision not to pursue the theory of self-defense. . . .

Moreover, the Court, believing and accepting the testimony of counsel as being true, and rejecting the conflicting testimony of Defendant that Mr. Reinhold never discussed the theory of self-defense as being untrue, finds that Defendant fails to show counsel's error which constitutes a substantial and serious deficiency measurably below that of competent counsel. "[M]atters of credibility are the domain of the trial court." *Lewis v. State*, 751 So.2d 1 (Fla. 3d DCA 1984) (holding that trial courts are privileged to reject a defendant's testimony in favor of conflicting testimony of counsel. Accordingly, no relief is warranted on this ground.

Dkt. 11, Ex. 007 at R. 133-35. The transcript of the Rule 3.850 evidentiary hearing supports the trial court's finding that trial counsel was not constitutionally ineffective in failing to present a defense of self-defense.

As Petitioner acknowledges in his petition, trial counsel testified that he discussed the "castle" doctrine[3] with Petitioner, advising him that because the incident occurred outside the apartment, this was not a viable defense. Trial counsel further testified that he discussed the possibility of raising a defense of self-defense with Petitioner, but informed Petitioner that based on his experience, this defense would open the door for the State to adduce testimony regarding the officer's prior encounters with Petitioner and his propensity for violence. Having considered the alternatives, trial counsel advised Petitioner that, in his opinion, the best theory of defense was to argue that Petitioner was not resisting arrest when the altercation occurred. It was merely an incident which "got out of hand."

---

[3]*See Danford v. State*, 43 So.2d 593 (Fla. 1907). Under the castle doctrine, "where one is not the aggressor and is violently assaulted *in one's home*, there is no obligation to retreat, and one may use such force as reasonably appears necessary to protect oneself." *Unis v. State*, 717 So.2d 581, 581 (Fla. 4th DCA 1998) (emphasis added) (citing *Cannon v. State*, 464 So.2d 149 (Fla. 5th DCA 1985)).

Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. A review of the record reveals that trial counsel explored the options available to Petitioner and after discussing those options with Petitioner, elected to present evidence to support a reasonable explanation for Petitioner's actions when confronted by the officers.

Petitioner has failed to demonstrate that the trial court's decision is contrary to or an unreasonable application of clearly established Supreme Court law, as enunciated in *Strickland v. Washington*, 466 U.S. at 687-89, or an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. 2254(d). The Court finds that Petitioner is not entitled to relief on the claims presented in Ground One.

**Ground Two**

Petitioner next contends that the sentence imposed by the trial court was illegal, citing *Hale v. State*, 630 So.2d 521 (Fla. 1993)[4] in support of his claim. The claim was raised in Petitioner's Rule 3.850 motion. In rejecting the claim, the trial court found:

> Defendant alleges that the trial court committed fundamental error by imposing consecutive habitual felony offender sentences for offenses committed during the same criminal episode. *Hale v. State*, 630 So.2d 521 (Fla. 1993), *cert. denied*, 513 U.S. 909, 115 S. Ct. 278, 130 L.Ed.2d 195 (1994), prohibits consecutive habitual felony offender sentences committed during a single criminal episode. . . .

---

[4]In *Hale*, the Florida Supreme Court determined that under the habitual offender statute, Florida courts are "not authorized to both enhance the defendant's sentence as an habitual offender and make each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine consecutive without specific legislative authorization in the habitual offender statute." *See Hale*, 630 So.2d at 525.

> Defendant is incorrect in his assertion that the Court imposed consecutive habitual offender sentences. On January 20, 1998, Defendant was sentenced as a habitual felony offender on count one only to ten (10) years FSP and on count two to five (5) years FSP. Count two was to run consecutively to count one. (See judgment and sentence, attached.). On February 2, 2000, Defendant was re-sentenced to thirty-six (36) months FSP to run consecutively to the sentence previously imposed on count two. As such, [the] *Hale* sentencing issue does not apply to Defendant's sentence structure. Accordingly, no relief is warranted.

Dkt. 11, Ex. 005 at R. 56-57. The record confirms the trial court's finding that Petitioner did not receive consecutive habitual felony offender sentences, *see* Dkt. 11, Ex. 007 at R. 148-58. He was sentenced as an habitual felony offender on Count I and under Florida's sentencing guidelines on Count II, with the guidelines sentence to run consecutive to the habitual felony offender sentence.

Respondent contends that Petitioner is not entitled to relief on this claim because it concerns a matter of state sentencing law, which is not cognizable in a federal habeas corpus proceeding. On habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Even when a petition that actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Errors which do not infringe upon federally protected rights provide no basis for federal habeas relief. In this circuit, it is well-settled that federal courts cannot review a state's failure to adhere to its own sentencing procedures. *See Branan v. Booth*, 861 F.2d at 1508; *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). The Court finds that Petitioner's claim raises an issue of purely state

law and as such, it is not properly before this Court. Accordingly, the Court finds that Petitioner has failed to show that he is entitled to federal habeas relief on this claim.

### Conclusion

For the foregoing reasons, the Court determines that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254. His petition is, therefore, subject to be denied.

In his reply, Petitioner asks that this Court "reinstate" the petition he filed in *Drayton v. Crosby*, Case No. 8:03-CV-1751-T-17EAJ (M.D. Fla. 2003), dismissed as a duplicative petition by The Honorable Elizabeth A. Kovachevich on September 9, 2003 (Dkt. 15 at 5).[5] Petitioner's request is not properly before this Court. Challenges to rulings made during the course of judicial proceedings should be made by appeal in those cases. *See United States v. Koenig*, 290 F.2d 166, 172 (5th Cir. 1961) ("[G]enerally, one judge, in a coordinate jurisdiction with another judge, should not overrule that other"); *Lewis v. Green*, 929 F.Supp. 546, 553 n.9 (D.D.C. 1986) ("[W]hen the 'act' complained of is the issuance of an allegedly improper or incorrect judicial order, the essence of that challenge is an appeal from that order" (citation omitted)). The structure of the federal courts does not allow the undersigned to reverse a coordinate judge's judicial acts in an independent action. To entertain an independent action for relief from the final order of another court would interfere with and usurp the power of the rendering court and offend the orderly administration of justice. *See Treadaway v. Academy of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1421 (9th Cir. 1986).

ACCORDINGLY, the Court **ORDERS** that:

---

[5]Notably, Petitioner did not file a motion for reconsideration or seek appellate review of the dismissal order.

1. The request to "reinstate" the petition filed in Case No. 8:03-CV-1751-T-17EAJ is **DENIED**.

2. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

3. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _August 9ᵗʰ_____, 2006.


                                        _____
                                        JAMES D. WHITTEMORE
                                        UNITED STATES DISTRICT JUDGE

SA:jsh

Copy to: All Parties of Record